UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **JAMES CALDWELL**, individually and on behalf of all others similarly situated,<br>℅ DannLaw<br>15000 Madison Avenue<br>Lakewood, OH 44107<br><br>Plaintiffs<br><br>v.<br><br>**PLATINUM RECOVERY, LLC**<br>℅ TDD Service, Inc.  Reg. Agent<br>1282 West 58th Street<br>Cleveland, OH 44102<br><br>Defendant. | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL ENDORSED HEREON** |

Plaintiff James Caldwell, individually and on behalf of all others similarly situated, ("Plaintiff") and for his Class Action Complaint for Damages against Defendant Platinum Recovery, LLC ("Defendant") makes the following allegations based on personal knowledge as to facts pertaining to his own experiences, and on information and belief, as well as the investigation of counsel, as to all others and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendant under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, *et seq*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*, and the Ohio Consumer Sales Practices Act ("CSPA") R.C. 1345.01*, et seq*.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391, as Plaintiff resides here and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Marietta, Ohio.

5. Plaintiff is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Plaintiff is, and at all relevant times was, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) because he is a person allegedly obligated to pay a debt.

7. Plaintiff is, and at all relevant times was, a "consumer" as that term is defined by R.C. 1345.01 because he engaged in a consumer transaction with Defendant.

8. Plaintiff's alleged debt arose out of a transaction that was primarily for personal, family, or household purposes.

9. Defendant is an Ohio Limited Liability Company operating in Marietta, Ohio.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all relevant times was, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant is, and at all relevant times was, a "Supplier" as that term is defined by R.C. 1345.01.

## FACTUAL ALLEGATIONS - GENERALLY

13. Plaintiff is, and has been for the relevant time period, the sole and customary user of cellular telephone number (XXX) XXX-4462.

14. In or around October 2023, Defendant began placing calls to telephone number (XXX) XXX-4462, intending to reach Plaintiff, sometimes more than once a day.

15. On information and belief, Plaintiff alleges that the calls to his cellular telephone were made using an automatic telephone dialing system, or some other device which has the capability of delivering prerecorded or artificial voice messages.

16. At no time did Plaintiff directly provide Defendant with his cellular telephone number or give Defendant permission to call him using an automatic telephone dialing system or pre-recorded messages.

17. Defendant's records will show all calls it made to telephone number (XXX) XXX-4462.

18. For example, on the following dates Defendant called Plaintiff's cellular telephone number (XXX) XXX-4462 from telephone number (740)373-8811 and did not leave a message:

Oct. 3, 2024, at 4:16pm.
Oct. 7, 2024, at 8:11am.
Oct 8, 2024, at 8:42am.
Oct 8, 2024, at 11:55am.
Oct 9, 2024, at 8:31am.
Oct 10, 2024, at 4:21pm.

19. Plaintiff's caller identification identified the caller as "platinum recovery marietta".

20. Plaintiff, on more than one occasion, instructed the Defendant to cease placing the automated calls to his cellular phone. As consequence, whatever consent Defendant had, if any, was effectively revoked pursuant to Plaintiff's instructions.

21. Plaintiff on October 11, 2024 called the Defendant in response to the barrage of calls he received with no message being left.

22. During that telephone call Plaintiff spoke to Defendant's representative "Tracy" and at that time learned that the Defendant was attempting to collect a debt from non-party Marietta Memorial.

23. Plaintiff explained that he did not owe the debt, disputed the debt, and that he had been speaking with Marietta Memorial directly concerning any billing issues.

24. Tracy was rude, hostile, and dismissive to Plaintiff telling him that he was wrong and that he did owe Defendant and that the creditor would not speak with him.

25. At that point in the call Plaintiff explicitly revoked consent to be contacted by Defendant via telephone and to only be contacted by U.S. Mail. This revocation was and is clear and unequivocal. As consequence, whatever consent Defendant had, if any, was effectively revoked pursuant to Plaintiff's instructions.

26. Despite the clear and unequivocal revocation of consent, Defendant continued to call Plaintiff, disregarding his explicit request to cease all communication except through post mail.

27. In utter disregard of Plaintiff's revocation, approximately *three hours after* Plaintiff instructed Defendant to only contact him by mail, the Defendant called Plaintiff's cellular telephone number (XXX) XXX-4462 from telephone number (740) xxx-8811.

28. During that telephone call Plaintiff spoke to Defendant's representative "Cristel" and informed her that he had instructed Defendant earlier that day to never call his phone and only to communicate by mail.

29. On October 15, 2024 Plaintiff received written correspondence from Defendant which alleged that he owed Shelby (Shelby Memorial Hospital Marietta) $589.11 and stated that he had until November 13, 2024 to dispute the debt; less than the thirty days a debt collector is

4

required to provide pursuant to 15 U.S.C. §1692g(a)(4).[1] A copy of the October 15, 2024 letter is attached hereto as **Exhibit 1**.

30. On October 29, 2024 Plaintiff wrote to Defendant in response to Exhibit 1 to dispute the debt, complain about the phone calls, and to reiterate his revocation of any consent to call his telephone. A copy of the October 29, letter is attached hereto as **Exhibit 2**.

31. Nevertheless, despite demanding Defendant to cease and desist their telephone calls on three occasions, Defendant continued to call Plaintiff.

32. For example, now utilizing telephone number (740) xxx-0352 Defendant called Plaintiff on the following dates and times:

Dec. 2, 2024, at 10:16am.
Dec. 4, 2024, at 4:31 pm.
Dec. 5, 2024, at 1:18pm.
Dec. 9, 2024, at 3:40pm.
Dec. 10, 2024, at 11:08am.
Dec. 10, 2024, at 1:49pm.
Dec. 11, 2024, at 11:46am.
Dec. 12, 2024, at 11:57am.
Dec. 12, 2024, at 1:12pm.
Dec. 16, 2014, at 3:33 pm
Dec. 30, 2024, at 3:16pm.
Jan. 2, 2025, at 4:31pm.
Jan 3, 2025, at 11:33am.

---

[1] 15 U.S.C. §1692g(a)(4) states:
(a)Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

33. Plaintiff answered the December 16, 2024 telephone call and was informed by the caller who identified herself as "Kathy" that she was calling from Platinum Recovery.

34. Plaintiff does not have, nor did he have, an account with Defendant.

35. Plaintiff is not, nor was, a customer or accountholder of Defendant.

36. Plaintiff disputes owing a debt to Defendant.

## FACTUAL ALLEGATIONS - TCPA

37. The telephone number Defendant called was assigned to a cell phone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

38. Each automated call placed by Defendant to Plaintiff's cell phone was made using an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by 47 U.S.C. § 227 (b)(1)(A).

39. Each automated call placed by Defendant to Plaintiff's cell phone constituted a call that was not for "emergency purposes" as defined by 47 U.S.C. § 227 (b)(1)(A).

40. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cell phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

41. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. **Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).**

42. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion, **Id. at § 12**; cited in **Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012)**. Congress also specifically found that:
>
>> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….
>
> **Id. at §§ 12-13. See also, Mims, 132 S.Ct. at 744.**
>
> Judge Easterbrook stated it this way:
>
> The Telephone Consumer Protection Act (TCPA or "the Act"), **47 U.S.C. § 227**, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

43. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See* **FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).**

44. Defendant placing calls to Plaintiff's cellular telephone after having been told to stop constitutes willful and knowing violations of the TCPA.

45. The repeated and harassing nature of these communications caused Plaintiff significant emotional distress and inconvenience, disrupting hispersonal life and daily activities. Plaintiff's attempts to reiterate his revocation of consent were ignored by Defendant.

46. Defendant's actions demonstrate a willful and knowing disregard for Plaintiff's revocation of consent and a blatant violation of her rights under the Telephone Consumer Protection Act ("TCPA"). Defendant's failure to cease communications upon receiving notice of revocation constitutes harassment and an invasion of Plaintiff's privacy.

47. Defendant's conduct caused Plaintiff significant emotional distress.

48. Plaintiff and the TCPA Class as defined *infra* were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's telephone calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted text messages. Telephone callswere annoying and a nuisance, and wasted the time of Plaintiff and the class members. See, e.g., *Mims*, 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## FACTUAL ALLEGATIONS – FDCPA

49. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. *See* 15 U.S.C. §§ 1692 *et seq*.

50. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

51. The purpose of the FDCPA is "to eliminate abusive debt collection practices by

debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

52. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; see also *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

53. Defendant alleges that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an alleged medical debt originally owed or owing to Memorial Marietta.

54. Defendant is regularly engaged in collection of consumer debts owed, or due or asserted to be owed or due another, and attempts to collect the debts by making telephone calls, and/or sending collection letters.

55. The expenses incurred and the time wasted by Plaintiff in attempting to contact Defendant and mailing the dispute letter (Exhibit 2) constitutes a concrete and particularized injury to establish standing. See, e.g., *Ebaugh v. Medicredit, Inc.*, 2025 U.S. App. LEXIS 8530 (8th Cir. April 11, 2025), *Healy v. Milliman, Inc.*, 2022 WL 1061921 (W.D. Wash. 2022), *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021).

**Class Action Allegations**

56. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf on behalf of three

"Classes," the "TCPA Class" the "FDCPA Telephone Class" and the "FDCPA Letter Class" as defined as follows:

> **TCPA Class**: All persons throughout the United States (1) to whom Platinum Recovery, LLC placed a call, (2) directed to a number assigned to a cellular telephone service (3) with an Automatic Telephone Dialing System, (4) without having obtained prior express consent or who revoked consent (5) from four years prior to the date of this class action complaint through the date of class certification.
>
> **FDCPA Telephone Class**: All consumers throughout the United States (1) to whom Platinum Recovery, LLC placed a call, (2) after being told to cease telephone calls by the consumer, (3) from one year prior to the date of this class action complaint through the date of class certification.
>
> **FDCPA Letter Class**: All consumers throughout the United States (1) to whom Platinum Recovery, LLC mailed a notice for validation of debts, (2) without providing 30 or more days to dispute the debt (3) from one year prior to the date of this class action complaint through the date of class certification.

Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

57. Plaintiff reserves the right to amend the above definitions or to propose subclasses in subsequent pleadings and motions for class certification.

58. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and membership in the proposed classes is easily ascertainable.

59. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy, as the members of the Class (which Plaintiff is informed and believes, and on that basis, alleges that the total number of persons is in the hundreds and can be

10

determined by analysis of Defendant's records) are so numerous that joinder of all members is impractical, if not impossible.

60. <u>Ascertainability</u>: The proposed classes are ascertainable because each is defined by reference to objective criteria.

61. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

62. Like all members of the proposed TCPA Class, Plaintiff received telephone calls from Defendant utilizing an ATDS, without his consent, in violation of 47 U.S.C. § 227.

63. Like all members of the proposed FDCPA Telephone Class, Plaintiff received telephone calls from Defendant after being informed to not contact him by telephone, in violation of 15 U.S.C. §§ 1692c(c) and/or 1692f and/or 12 CFR § 1006.14(h)(1).

64. Like all members of the proposed FDCPA Letter Class, Defendant sent and Plaintiff received a notice for validation of debt that failed to provide thirty (30) or more days to dispute the debt in violation of 15 U.S.C. §§ 1692g(4) and/or 1692f and/or 12 CFR § 1006.34.

65. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes in that the Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to the vigorous prosecution of this case, and has retained competent counsel who are experienced in conducting litigation of this nature.

66. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the class in its entirety. Plaintiff anticipates no management difficulties in this litigation.

67. <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

68. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

69. There will be little difficulty in the management of this action as a class action.

70. <u>Commonality</u>: Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

71. Among the issues of law and fact common to the class are:

    a. Defendant's violations of the TCPA as alleged in this class action complaint;

    b. Defendant's violations of the FDCPA as alleged in this class action complaint;

    c. Defendant's use of an ATDS in connection with its calls;

    d. Whether Defendant is liable for using and ATDS to place calls;

    e. Defendant's practice of continuing to attempt communications by telephone after being informed not to communicate in that medium; and

    f. the availability of statutory damages.

72. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

73. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to protect their interests adequately.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 (b)(1)(A)(iii)
### (On Behalf of Plaintiff and the TCPA Class)

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

76. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227 *et seq*., Plaintiff and TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 (b)(1)(A)(iii)
### (On Behalf of Plaintiff and the TCPA Class)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

79. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq*., Plaintiff and TCPA Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

**COUNT III**
**VIOLATIONS OF THE FDCPA**
**(15 U.S.C. § 1692,** *et seq.***)**
**(On behalf of the Plaintiff and the FDCPA Classes)**

80. Plaintiff restates and incorporates each of the allegations contained in the preceding paragraphs as if fully rewritten herein.

81. Plaintiff and the FDCPA Telephone and Letter Class members (the "FDCPA Class Members") are each a consumer as defined in 15 U.S.C. § 1692(a)(1).

82. The alleged debts of the Plaintiff and each FDCPA Class member that were the subject of the Defendant's collection action are debts, as defined in 15 U.S.C. § 1692(a)(5), as they were each incurred for personal, household, or family use.

83. Defendant is a debt collector as the term is defined in 15 U.S.C. § 1692(a)(6) as it was seeking to collect a debt on behalf of a third-party.

84. The letter and or telephone calls sent/placed by Defendant are each a communication as defined by 15 U.S.C. § 1692a(2).

85. Based on the allegations herein, *supra*, and Exhibit 1, Defendant's actions in attempting to collect against Plaintiff and FDCPA Class Members each particular debt at issue constitute a violation of the FDCPA, including, but not limited to the following sections:

   A. For the FDCPA Telephone Class - 15 U.S.C. §§ 1692c(c) and/or 1692f and/or 12 CFR § 1006.14(h)(1).

   B. For the FDCPA Letter Class 15 U.S.C. §§ 1692g(4) and/or 1692fand/or 12 CFR § 1006.34.

86. As a consequence of Defendant's conduct, Plaintiff and FDCPA Class members suffered from actual damages, including, but not limited to the retention of legal counsel to defend

against the collection actions, legal fees, time wasted, costs, and expenses, and damage to their credit standing.

87. As a consequence of Defendant's conduct, Plaintiff and FDCPA Class members suffered actual non-economic damages in the form of emotional distress primarily in the forms of stress, anxiety, and frustration.

88. Plaintiff and FDCPA Class members were harmed by and through the aforementioned violations committed by Defendant and are entitled to an award of statutory damages, actual damages, and attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a).

**COUNT IV**
**VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT -**
**DECEPTIVE ACTS WHICH VIOLATE THE TCPA**
**(R.C. 1345.01 *et seq*.)**
**(On behalf of the Plaintiff only)**

89. Plaintiff restates and incorporates each of the allegations contained in the preceding paragraphs as if fully rewritten herein.

90. Defendant's actions, as described above in Counts One and Two which violate the TCPA, constitute unfair and/or deceptive acts and practices in violation of R.C. 1345.02.

91. The actions of Defendant described herein which violate the TCPA is also conduct which is subject to treble damages under the CSPA. *See In re Angel Lopez.*, PIF No. 3308 (March 9, 2017) and *Miller v. Ability Recovery Services, LLC.*, PIF No. 3421 (March 27, 2019). A copy of PIF Nos. 3308 and 3421 are attached as **Collective Exhibit 3**. The Ohio Attorney General has made this determination available for public inspection pursuant to R.C. 1345.05(A)(3).

92. As a result of Defendant's actions, Defendant is liable to Caldwell for actual damages, statutory damages per call found to violate R.C. 1345.02, non-economic damages of up

15

to Five Thousand Dollars ($5,000.00), treble damages, costs, and attorneys' fees pursuant to R.C. 1345.09.

## COUNT V
### VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT - DECEPTIVE ACTS WHICH VIOLATE THE FDCPA
(R.C. 1345.01 *et seq.*)
(On behalf of the Plaintiff only)

93. Plaintiff restates and incorporates each of the allegations contained in the preceding paragraphs as if fully rewritten herein.

94. Defendant's actions, as described above in Count Three which violate the FDCPA, constitute unfair and/or deceptive acts and practices in violation of R.C. 1345.02.

95. The actions of Defendant described herein which violate the TCPA is also conduct which is subject to treble damages under the CSPA. *See In re Angel Lopez.*, PIF No. 3308 (March 9, 2017) and *Miller v. Ability Recovery Services, LLC.*, PIF No. 3421 (March 27, 2019). A copy of PIF Nos. 3308 and 3421 are attached as **Collective Exhibit 3**. The Ohio Attorney General has made this determination available for public inspection pursuant to R.C. 1345.05(A)(3).

96. As a result of Defendant's actions, Defendant is liable to Caldwell for actual damages, statutory damages, non-economic damages of up to Five Thousand Dollars ($5,000.00), treble damages, costs, and attorneys' fees pursuant to R.C. 1345.09.

**WHEREFORE** Plaintiff James Caldwell, on behalf of himself and each member of the proposed class respectfully requests the following relief from Defendant Platinum Recovery, LLC:

A. That the Court declare, adjust, and decree this action related to Counts One through Three is a proper class action and certify the proposed TCPA Class, FDCPA Telephone Class, and FDCPA Letter Class and/or any other appropriate subclasses under Fed. R. Civ. P.

23(b)(1), (b)(2), and/or (b)(3), including the designation of Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel;

B. For an award of damages, including actual, nominal, consequential and punitive damages in favor of the proposed TCPA Class, FDCPA Telephone Class and FDCPA Letter Class against Defendant for the allegations in Counts One, Two and/or Three, as applicable, as allowed by law and in an amount to be determined.

C. For an award adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, using an automated telephone dialing service to Plaintiff and members of the proposed TCPA class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii) as to the allegations in Count One;

D. For an award awarding Plaintiff and members of the TCPA class statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation as to the allegations in Count One and/or Count Two;

E. For an award awarding Plaintiff and members of the FDCPA classes statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) in an amount up to the lessor of $500,000 or 1 per centum of the net worth of the Defendant for the violations as to the allegations in Count Three;

F. For an award awarding Plaintiff and members of the FDCPA Classes' reasonable costs, expenses, and attorneys' fees incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3) as to the allegations in Count Three;

G. For an award of prejudgment interest on all amounts awarded, at the prevailing legal rate, against the Defendant as to the allegations in Count One, Two and/or Three;

H. For an award to Plaintiff of all actual damages in a total amount to be determined at trial against Defendant as to the allegations in Count Four and/or Count Five;

I. For an award to Plaintiff of statutory damages against Defendant for each call found to violate R.C. 1345.02 against Defendant as to the allegations in Count Four;

J. For an award to Plaintiff of statutory damages against Defendant as to the allegations in Count Five;

K. For an award to Plaintiff of treble damages against Defendant, as applicable, for the allegations contained in Count Four and/or Count Five of the Complaint;

L. For an award of Plaintiff's reasonable attorney's fees and costs against Defendant, as applicable, for the allegations contained in Count Four and/or Count Five of the Complaint; and

M. For all other relief that this Court deems just and proper.

Respectfully Submitted,

*/s/ Brian D. Flick*
Brian D. Flick (0081605)
Brent S. Snyder (104059)
Marc E. Dann (0039425)
Marita I. Ramirez (010882)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(216) 373-0539
(216) 373-0536 e-fax
notices@dannlaw.com

*Attorneys for Plaintiff James Caldwell
and the putative class*

## JURY DEMAND

Plaintiff James Caldwell hereby respectfully demands a trial by jury on all such claims that may be so tried.

/s/ Brian D. Flick
Brian D. Flick (0081605)
Brent S. Snyder (104059)
Marc E. Dann (0039425)
Marita I. Ramirez (010882)
DannLaw
*Attorneys for Plaintiff James Caldwell and the putative class*
